JOSEPHINE LINKER HART, Justice, concurring. I write separately in response to the dissent. Apparently the sole premise on which the dissent is based is that the circuit court lacked subject-matter jurisdiction to entertain the current petition filed by ADHS following our opinion in Ingle /reversing and remanding the circuit court’s decision to award permanent custody to Neal, the putative father, and close the dependency-neglect case. However, this dissent’s focus on jurisdiction reveals a misunderstanding of the ongoing nature of dependency-neglect proceedings. 110In Ingle I, we did not direct the circuit court to close the dependency-neglect case. The circuit court had clearly erred in closing the case in contravention of the dictates of the juvenile code. While Ingle had been compliant with the case plan, she had not completed all of the requirements, which indicated that further court supervision was necessary. We held that, “we are left with a definite and firm conviction that a mistake was committed when the circuit court found that it was in C.N.’s best interest to be placed in the permanent custody of Neal.” Thus, our opinion not only reversed the order granting custody to Neal but reversed the order closing the case. Clearly, we did not direct the circuit court to close the dependency neglect proceedings. In fact, we anticipated that the case would continue in accordance with the juvenile code and said specifically that, “[i]f facts have developed during the pendency of the appeal that would cause serious concern about returning C.N. to Ingle’s care, any party may file a petition requesting the circuit court to address those matters.” In Ingle I we noted: Ingle first argues on appeal that the circuit court’s disposition of halting reunification services, placing C.N. in Neal’s permanent custody, and closing the case at the six-month review hearing is not authorized under the juvenile code. DHS and C.N.’s ad litem have filed a joint brief, and they concur with Ingle’s overall contention that the circuit court failed to adhere to the requirements of the applicable statutes before granting permanent custody and ceasing reunification services, particularly when the circuit court halted services without notice, which they contend is required by Arkansas Code Annotated section 9-27-365 (Repl.2009). Unfortunately, we are not able to resolve this issue because it is being raised for the first time on appeal. Here, once again, compliance with the juvenile code by the circuit court in granting 1T1 custody to Neal and closing the case was not argued below. Thus, once again we are precluded from reaching the issue. However, for the dissent to suggest that our previous opinion and mandate directed the circuit court to act outside of the authority of the juvenile code and close the case is absurd. Moreover, for the dissent to say that reversing the order which closed the case in Ingle I deprived the circuit court of jurisdiction to continue the dependency neglect proceedings has no foundation. See Ark. Code Ann. § 9-27-355. The dissent attempts to rewrite Ingle I, to state that we directed the circuit court to close the dependency neglect case. However, that we did not and could not do, as this court — like the circuit court — has no authority to ignore the juvenile code.